UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-cr-00041-ART-CRD |
| Plaintiff, | ORDER |
| v. | |
| ROBERTO CASTANON-SANCHEZ, | |
| Defendant. | |

Defendant Castanon-Sanchez was indicted on June 23, 2022, with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). (ECF No. 1.) On November 18, 2022, Castanon-Sanchez moved to dismiss the indictment against him by collaterally attacking the underlying removal order and by challenging the illegal reentry statute on the basis that it violates the equal protection guarantee of the Fifth Amendment. On January 12, 2021, and January 13, 2021, the Court held an evidentiary hearing and heard oral argument on the Motion (ECF No. 44; 45.) (the "Hearing"). Having considered the parties' briefing, sworn witness testimony, and oral argument from the parties, the Court dismisses the indictment because Castanon-Sanchez has satisfied the conditions set forth in § 1326(d) to collaterally attack his removal order and declines to address the constitutional challenge.

**I. Background**

Castanon-Sanchez first arrived in the United States in 1995. (ECF No. 23-1). In the years that followed, he got married and had five children, all of whom are U.S. citizens. Nine years after he arrived in the United States, in 2004, he was

1

convicted of kidnapping in violation of California Penal Code § 207(a). Castanon-Sanchez represents that he is (and was) undocumented, so his California kidnapping conviction carried profound consequences in addition to his five-year prison sentence.

Castanon-Sanchez was nearing the end of his state prison sentence when on October 15, 2009, an immigration officer from the Department of Homeland Security ("DHS") issued an arrest warrant (ECF No. 23-2) and removal/deportation warrant (ECF No. 23-3). The warrants indicated that Castanon-Sanchez would be placed in expedited removal proceedings pursuant to 8 U.S.C.§ 1228, which is a fast-tracked form of removal often called "administrative removal." Administrative removal proceedings allow low-level immigration officers to issue removal orders without a hearing before an immigration judge when a noncitizen meets two conditions: (1) they are not a lawful permanent resident and (2) they have a conviction for an "aggravated felony." *See* 8 U.S.C. § 1228(b). A few weeks later, on November 4, 2009, Immigration Enforcement Agent Xochitle Felix-Van Horn signed a Form I-851 ("Notice of Intent to Issue a Final Administrative Removal Order") pursuant to 18 U.S.C. § 1228(b). (ECF No. 23-1.) The Form I-851 alleged that Castanon-Sanchez entered the United States without inspection on or about March 3, 1995, and that his 2004 conviction was an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(F). *Id.*

The forms reflect that Immigration Enforcement Officer Joanna Bayardo served the arrest warrant and the I-851 on Castanon-Sanchez at his place of state confinement on November 23, 2009, at 13:00. (ECF No. 23-2; 23-3.) Officer Bayardo testified at the Hearing. She had been an officer for approximately one year on the date she delivered the Notice of Intent to Castanon-Sanchez. She did not have any specific recollection of him or of that day. She testified that the time it takes to serve a Notice of Intent ranges from minutes to an hour depending on

the individual. Castanon-Sanchez signed the Form I-851, according to the form, the same day at 13:00, indicating that he had received it. In other words, the Form I-851 indicates that it was presented and signed at 13:00 and that the entire interaction took less than one minute.

It appears that while Officer Bayardo is a native Spanish speaker, there is no evidence she is certified as a translator or interpreter Somebody, perhaps Officer Bayardo, checked a box indicating that they "explained and/or served this Notice of Intent to the alien in the Spanish language," although the space for naming the interpreter is left blank. (ECF No. 23-1.) *Id.* Castanon-Sanchez does not concede that these options were actually translated for him and/or explained to him in a way that he could understand. Officer Bayardo had no recollection of what she did that day.

Form I-851 listed Castanon-Sanchez's options to contest the allegations and provided boxes to check if any option applied to him. He could contest deportability on three factual grounds: (1) he had U.S. citizenship; (2) he had lawful permanent residency; or (3) he was not convicted of the alleged underlying offense. *Id.* None of these options applied to Castanon-Sanchez, and he checked none of these boxes. *Id.* He could also request withholding or deferral of removal under the Convention Against Torture or under 8 U.S.C. § 1231(b)(3). *Id.* This also did not apply to Castanon-Sanchez, and he checked neither box. *Id.*

The Form I-851 did not inform Castanon-Sanchez of his right to judicial review on whether his prior conviction qualified as an aggravated felony. The Form I-851 made no mention of other, discretionary forms of relief from removal or deportation such as voluntary departure or cancellation of removal. *Id.* The form did not reference the option of challenging the underlying legal assumption that allegedly qualified him for administrative removal: that his kidnapping conviction was a "crime of violence" and, therefore, an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). *Id.* Castanon-Sanchez (or someone for him) checked the

only box that plausibly could have applied to him: "I do not wish to contest and/or to request withholding of removal." *Id.* He (or someone for him) checked another box admitting the allegations in the Form I-851—namely, that he was a Mexican citizen who was not lawfully admitted to the United States and who had a conviction under California Penal Code § 207(a). *Id.* A box waiving judicial review was also checked. *Id.* Castanon-Sanchez signed the form, and somebody time stamped his signature at 13:00. *Id.*

## II. Analysis

Castanon-Sanchez seeks to collaterally challenge his removal because he was subjected to an administrative removal process that denied him administrative remedies and judicial review and was premised on the inaccurate legal conclusion that he had an aggravated felony conviction. A defendant charged with illegal reentry after removal may collaterally attack the removal order under 8 U.S.C. § 1326(d). *See United States v. Mendoza-Lopez*, 481 U.S. 828, 837–38 (1987); *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014), abrogated on other grounds by *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020). Section 1326(d) "authorizes collateral attack on three conditions: (1) that the defendant exhausted available administrative remedies; (2) that the removal proceedings 'deprived the alien of the opportunity for judicial review'; and (3) that the removal order 'was fundamentally unfair.'" *United States v. Garcia-Santana*, 774 F.3d 528, 532 (9th Cir. 2014) (quoting 8 U.S.C. § 1326(d)), abrogated on other grounds as recognized in *Ho Sang Yim v. Barr*, 972 F.3d 1069, 1078 n.2 (9th Cir. 2020). A defendant can establish that a removal order was fundamentally unfair by showing that (1) the defendant's due process rights were violated due to defects in the underlying deportation proceeding, and (2) the defendant suffered prejudice because of the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004); *see also United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), overruled on other grounds as

recognized in *United States v. Ballesteros–Ruiz*, 319 F.3d 1101, 1105 (9th Cir. 2003).

The Supreme Court recently clarified that a defendants must "meet all three" conditions of § 1326(d) to challenge their underlying removal. *United States v. Palomar-Santiago*, 141 S. Ct. 1615 (2021). The defendant in *Palomar-Santiago* had been removed following a conviction for felony driving under the influence (DUI). *Palomar-Santiago*, 141 S. Ct. at 1620. Although felony DUI was considered an aggravated felony at the time of removal, the Supreme Court subsequently held that DUI crimes did not qualify as aggravated felonies. *Id.*; *see Leocal v. Ashcroft*, 543 U.S. 1 (2004). When the defendant faced charges under § 1326, the district court and the Ninth Circuit dismissed his indictment based on Ninth Circuit case law that excused defendants "'from proving the first two requirements' of § 1326(d) if they were 'not convicted of an offense that made [them] removable.'" *Palomar-Santiago*, 141 S. Ct. at 1620 (quoting *United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017)); *see also United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1130–31 (9th Cir. 2013) (collecting cases). Following *Ochoa*, the lower court in *Palomar-Santiago* reasoned that because a noncitizen who is unaware of their eligibility for relief "has had no 'meaningful opportunity to appeal' the removal," no administrative and judicial review was available to them. *Id. See United States v. Palomar-Santiago*, 813 F. App'x 282, 284 (9th Cir. 2020).

The Supreme Court in *Palomar-Santiago* rejected the *Ochoa* line of reasoning and held that the defendant needed to establish all three requirements of § 1326(d) to be eligible for relief. *Id.* at 1621. The Ninth Circuit's application of *Ochoa* contravened the statute, the Court held, because it excused compliance with the statute's twin procedural requirements due to an error in the removal proceeding that could have been addressed in further administrative or judicial review. *Id.* Because "the substantive validity of the removal order is quite distinct

from whether the noncitizen exhausted his administrative remedies . . . or was deprived of the opportunity for judicial review," the defendant was still required to show all three prongs under the statute. *Id.* at 1620–21.

Here the issue is whether Castanon-Sanchez, who also claims that his removal process was predicated on a conviction that is no longer an aggravated felony, can meet the three elements in § 1326(d). *United States v. Sam-Pena*, 602 F.Supp.3d 1204 (D. Ariz. 2022), appeal dismissed, No. 22-10141, 2022 WL 17403200 (9th Cir. Aug. 30, 2022), is instructive because the defendant was convicted in Arizona of kidnapping, which is no longer an aggravated felony and provided the same Form I-851 form in administrative proceedings in prison. *Id.* at 1208. The court in *Sam-Pena* recognized that the Form -I-851 provided the defendant no option to challenge whether his conviction was aggravated felony, and the defendant checked the box waiving his right to judicial review. *Id.* at 1208-1212. The court in *Sam-Pena* concluded that the defendant satisfied the three requirements in § 1326(d) by showing that no administrative remedies were available, he did not validly waive judicial review, and the proceedings, which were premised on his having suffered an aggravated felony, were fundamentally unfair. *Id.* at 1212. Accordingly, the court in *Sam-Pena* concluded that the defendant had satisfied the three requirements under § 1326(d) as required by *Palomar-Santiago* and dismissed the indictment. *Id.* Castanon-Sanchez's presents a nearly identical challenge.

**A. Administrative Remedies**

Castanon-Sanchez argues he satisfies § 1326(d)(1) because he had no available administrative remedies through which he could contest the immigration officer's determination that his prior conviction was an aggravated felony. (ECF No. 23 at 18.) Castanon-Sanchez was removed pursuant to 8 U.S.C. § 1228(b), which provides expedited administrative processes to remove individuals who have been convicted of aggravated felonies. *See also* 8 C.F.R.

§ 238.1 (setting forth procedures for administrative removals pursuant to § 1228(b)). DHS explicitly states that there is no opportunity for a noncitizen in administrative removal to seek review before the Board of Immigration Appeals ("BIA"): "[n]either the statute nor the regulations provide for appeal to the [BIA] of a [Deciding Service Officer]'s decision entering a Final Administrative Removal Order." (*See* ECF No. 23-5 at 8.) Castanon-Sanchez's Form I-851 indicates the immigration officer determined his kidnapping conviction was an aggravated felony because it was a crime of violence. (ECF No. 23; Exhibit A); 8 U.S.C. § 1101(a)(43)(F).

A conviction under California Penal Code § 207(a) is not categorically a crime of violence. A crime of violence for immigration purposes is defined by cross-reference to 18 U.S.C. § 16, which states, "the term 'crime of violence' means—an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). A conviction under California Penal Code § 207(a) is not categorically an aggravated felony because it can be committed by means other than the use of force. Section 207(a) lists the elements as follows: "Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests, any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping." Cal. Penal Code § 207(a). The Ninth Circuit has employed the categorical approach to explicitly hold that this crime "does not include 'the use . . . of physical force' as an element of the crime because it "can be committed by 'any means of instilling fear' instead of by force." *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1127 (9th Cir. 2012). It is not, therefore, a crime of violence, nor is it an aggravated felony. Without a conviction for an aggravated felony, it was a mistake to place Mr. Castanon-Sanchez in administrative removal.

The Form I-851 informed Mr. Castanon-Sanchez that there are certain enumerated grounds upon which he can contest his order of deportation. The form presented him with three potential grounds: (1) that he is a "citizen or national of the United States," (2) that he is "a lawful permanent resident of the United States," and (3) that he "was not convicted of the criminal offense described" in the form. (ECF No. 23-1.) But it did not explicitly inform him that he could "refute . . . the legal conclusion underlying his removability," and its design suggests "removability could only be contested on factual grounds." *United States v. Valdivia-Flores*, 876 F.3d 1201, 1205–06 (9th Cir. 2017). Moreover, Mr. Castanon-Sanchez has provided a partial copy of the administrative guidance documents and the Court has located a complete copy that suggests any administrative review of a contested Form I-851 is "limited to factual matters." *See United States v. Sam-Pena*, 602 F. Supp. at 1209 ("Moreover, the Defendant has attached administrative guidance documents that suggest any administrative review of a contested Form I-851 is 'limited to factual matters,' a contention the government does not rebut.")(quoting Doc. 44-5 at 23)). Therefore, to the extent the Defendant would have wanted to challenge the legal basis for his removal, no administrative remedies were available to him.

**B. Judicial Review**

Castanon-Sanchez claims that he did not and could not validly waive judicial review that he was not told about. On his Form I-851, Castanon-Sanchez appears to have waived his right to pursue judicial review of the immigration officer's determination that he was an aggravated felon. (ECF. No. 23-1.) Castanon-Sanchez argues his waiver of judicial review was not considered and intelligent for several reasons: there is no clear and convincing evidence that Form I-851 was explained to him in Spanish; the form indicates that the exchange he had with Officer Bayardo took less than one minute; and any waiver of judicial review is invalid because he was not informed that he could seek

judicial review of the aggravated felony determination that landed him in administrative removal proceedings. (ECF No. 23 at 19.)

"The government bears the burden of proving valid waiver," *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010), and must do so by clear and convincing evidence. *United States v. Pallares-Galan*, 359 F.3d 1088, 1097 (9th Cir. 2004). A reviewing court must "indulge every reasonable presumption against waiver," *Ramos*, 623 F.3d at 680 (quoting *United States v. Lopez-Vasquez*, 1 F.3d 751, 753 (9th Cir. 1993)), and "evaluate the surrounding circumstances" to determine whether the defendant's waiver was considered and intelligent. *Valdivia-Flores*, 876 F.3d at 1205.

The government has failed to meet its burden of proving Castanon-Sanchez validly waived judicial review. Both the Form I-851 and Warrant for Arrest of Alien indicate that they were signed at precisely 13:00 on November 23, 2009, suggesting that the forms were presented, explained, and signed in less than one minute. The Government concedes that the forms were not signed and dated until after the documents were explained and provided, but there is no evidence showing what happened and Officer Bayardo had no independent recollection of the matter. There is the additional issue of translation. The Ninth Circuit has observed the importance of competent translation in determining the validity of waiver in the removal context. *See Sam-Pena*, 602 F. Supp. 3d at 1210 (citing *Ramos*, 623 F.3d at 677, 680). While the Government notes that Castanon-Sanchez previously pleaded no contest during state proceedings conducted in English and signed a document written in English waiving his rights on that state case, those facts do not resolve the issue of translation in the underlying removal proceeding at issue here. Further, the Court notes that Castanon-Sanchez has required the services of a court interpreter in connection with this case since its inception. (*See* ECF No. 8.) Officer Bayardo testified that she is a fluent Spanish speaker, had been working as such for about a year, and her general practice

9

would be to explain the form in the language the immigrant prefers in its entirety and would note the time on the certificate of service after the document was completed. But Officer Bayardo had no independent recollection of the events at issue in this case. She advised that the process of serving a notice of intent can take minutes or maybe an hour. There is no evidence as to what Officer Bayardo did in this case and the 13:00 timestamps are either inaccurate or reflect that her interaction with Castanon-Sanchez was unusually speedy.

Castanon-Sanchez was not informed of his right to judicial review. The Notice of Intent does not explicitly inform an immigrant that he can refute, through either an administrative or judicial procedure, the legal conclusion underlying his removability. *United States v. Valdivia-Flores*, 876 F.3d 1201, 1205–06 (9th Cir. 2017). "In fact, the Notice of Intent's three check boxes suggested just the opposite—that removability could only be contested on factual grounds." *Id*. The "form's deficiencies are magnified" when, as here, the immigrant "was not represented and never had the benefit of appearing before an immigration judge, who, we presume, would have adequately conveyed both his appeal options and the finality associated with waiving appeal." *Id*. (internal quotation marks and citation omitted). This Form I-851 was issued without a hearing before an immigration judge. The government provides no evidence of what the immigration officer, Officer Bayardo, did in this case to explain the form to Castanon-Sanchez. The testimony the government elicited from Officer Bayardo does not provide information beyond the form, which did not inform Castanon-Sanchez of his right to judicial review.

Under these circumstances, the Court concludes that Castanon-Sanchez's waiver of the right to seek judicial review was not considered and intelligent. Therefore, he was deprived of due process and satisfies the first two prongs of 8 U.S.C. § 1326(d).

///

### C. Fundamental Fairness

The Court finds that Castanon-Sanchez's administrative removal was fundamentally unfair because it was premised on his having an aggravated felony conviction, which is no longer accurate, and the process foreclosed administrative and judicial review. The government does not engage with Castanon-Sanchez's argument that his underlying conviction does not qualify as an aggravated felony under the INA. Section 1326(d)(3) provides: "Where a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015). Because it is now clear that Castanon-Sanchez's prior kidnapping conviction is not an aggravated felony, he was prejudiced by the fact that he was removed for having an aggravated felony that made him ineligible for relief from deportation.

### D. Conclusion

The Court finds that Castanon-Sanchez has satisfied the requirements of § 1326(d) and dismisses the indictment on that basis. The Court declines to consider the alternative ground for dismissal.

DATED THIS 22nd day of May 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE